UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SALI SULOLLI,

        Plaintiff,

v.

CITY OF ST. CLAIR SHORES,

        Defendant.

Case No. 22-cv-
Hon.

_____/
ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
38701 Seven Mile Road, Suite 130
Livonia, MI 48152
(734)744-7002
eric@stempien.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Sali Sulolli, by and through his attorneys, Stempien Law, PLLC, hereby complains against Defendant, City of St. Clair Shores, and in support thereof states:

1. Plaintiff Sali Sulolli ("Sulolli" or "Plaintiff") is a resident of the City of St. Clair Shores, Macomb County, Michigan.

2. Defendant City of St. Clair Shores ("The City" or "Defendant") is a governmental entity and political subdivision of the State of Michigan that located in Macomb County, Michigan.

1

3. Jurisdiction is vested with this Court pursuant to 29 USC §2601, et. seq. and 28 USC §1331.

## COMMON ALLEGATIONS

4. Sulolli was hired as a crew member at Defendant's St. Clair Shores Golf Club in 1994.

5. Sulolli became a full-time crew member in September of 2004.

6. Sulolli was promoted to Superintendent of the St. Clair Shores Golf Club in 2016.

7. Sulolli worked with no performance issues or employment discipline for his first five years of employment as the Superintendent.

8. Sulollli reported directly to the Parks and Recreation Director, Henry Bowman ("Bowman").

9. Matthew Coppler ("Coppler") was hired by St. Clair Shores as the City Manager in December 2019.

10. In 2020, Sulolli began struggling with his mental health, which included depression, anxiety, and panic attacks.

11. Sulolli reported his mental health struggles to St. Clair Shores' human resources representative.

12. In May 2021, Sulolli began treatment with both a psychiatrist and a therapist, and he was prescribed Zoloft and Klonopin.

13. After leaving work on July 26, 2021, Sulolli sent Bowman an email saying he was "not doing well," to which Bowman replied "hope you feel better."

14. On July 27, 2021, Sulolli informed Bowman via email that he was unable to come into work.

15. On July 29, 2021, Sulolli emailed Bowman to say that he was having a "mental health emergency."

16. Sulolli's psychiatrist timely completed and submitted the appropriate documents pursuant to the Family Medical Leave Act, 29 USC §2601, et. seq. ("FMLA").

17. Sulolli's request for FMLA leave was approved by Defendant.

18. Sulolli utilized FMLA leave through October 18, 2021.

19. On August 11, 2021, while Sulolli was still on his approved FMLA leave, Defendant's human resources representative asked Sulolli to come in for a meeting with herself and Coppler. During this meeting, the human resources representative and/or Coppler made comments that "we just don't see you as the superintendent" and "I have to find a new superintendent".

20. Sulolli was demoted from Superintendent of the St. Clair Shores Golf Club to a Crew Leader during the August 11 meeting.

21. A new Superintendent started on October 4, 2021, while Sulolli was still on his protected FMLA leave.

22. On the Friday before Sulolli's return to work, October 15, 2021, he received a call from Human Resources with instructions to report to his manager's office at 8 a.m. upon his return.

23. Sulillo returned to work on October 18, 2021. During the meeting with Bowman, he was asked if he was going to be "OK with the step down."

24. On October 18, 2021 Sulolli began work as a Crew Leader at the golf course, a position he held until a recent job transfer within the City of St. Clair Shores.

## COUNT I
## VIOLATION OF FMLA – INTERFERENCE

25. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

26. Sulollli was an eligible employee as that term is defined by the FMLA.

27. The city of St. Clair Shores is a covered employer as that term is defined by the FMLA.

28. Sulolli's medical leave that began in July 2021 was protected by the FMLA.

29. Sulolli's position as the Superintendent of the St. Clair Shores Golf Club should have been protected by the FMLA until his return on October 18, 2021.

30. Defendant interfered with Sulolli's rights under the FMLA by demoting him from Superintendent to Crew Leader on August 11, 2021.

31. As a direct and proximate result of Defendant's interference with Sulolli's FMLA rights, Sulolli suffered damages, including, but not limited to: wage

4

loss, lost employment benefits and lost pension benefits, plus interest, costs and attorney fees as allowed by statute.

32. Further, because Defendant's violation of FMLA was not in good faith and Defendant did not have reasonable grounds for believing that the demotion was not a violation of FMLA, Plaintiff is entitled to an award of liquidated damages pursuant to 29 USC §2617(a)(1).

## COUNT II
## VIOLATION OF FMLA – RETALIATION/DISCRIMINATION

33. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

34. By demoting Sulolli, the city of St. Clair Shores retaliated and/or discriminated against Sulolli for exercising his FMLA rights.

35. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff suffered damages as fully set forth in paragraphs 31 and 32 of this Complaint.

WHEREFORE, Plaintiff Sali Sulolli prays that this Honorable Court enter a judgment in his favor against Defendant City of St. Clair Shores in an amount that this Court deems fair and just, plus costs, interest and attorney fees.

5

## JURY DEMAND

Plaintiff hereby demands a trial by jury of the within cause.

                STEMPIEN LAW, PLLC

                */s/ Eric Stempien*
                By: Eric Stempien (P58703)
                Attorney for Plaintiff

Dated: February 15, 2022